STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1248

CARL HEBERT AND DENISE HEBERT

VERSUS

STATE OF LOUISIANA/DEPARTMENT OF TRANSPORTATION
AND DEVELOPMENT – OFFICE OF ENGINEERING M/V
NEW ROADS FERRY AND CAPTAIN MICHAEL ORILLION

Judgment Rendered: __JUN 0 2 2021__

* * * * * * *

APPEALED FROM THE EIGHTEENTH JUDICIAL DISTRICT COURT,
IN AND FOR THE PARISH OF IBERVILLE
STATE OF LOUISIANA
DOCKET NUMBER 75589, DIVISION B

HONORABLE TONYA S. LURRY, JUDGE

* * * * * * *

| | |
|---|---|
| Marcus J. Plaisance | Attorneys for Plaintiffs/Appellants |
| Mark D. Plaisance | Carl Hebert and Denise Hebert |
| Prairieville, Louisiana | |
| and | |
| John H. Smith | |
| Loren D. Shanklin | |
| Alicia Sosa | |
| Baton Rouge, Louisiana | |
| | |
| Jeff Landry | Attorneys for Defendants/Appellees |
| Attorney General | State of Louisiana, through the |
| Andrew Blanchfield | Department of Transportation and |
| Richard W. Wolff | Development, and Captain Michael |
| Special Assistant Attorneys General | Orillion |
| Baton Rouge, Louisiana | |

**BEFORE: McDONALD, THERIOT, and CHUTZ, JJ.**

**McDonald, J.**

In this case, a truck passenger on the Plaquemine Ferry maintained that he was injured when the ferry docked at the Plaquemine Ferry Terminal in Iberville Parish. He and his wife filed suit against the State of Louisiana, through the Louisiana Department of Transportation and Development, and the ferry captain for damages. After a trial, the jury found no negligence on the part of the ferry captain and the claims were dismissed. After review, we affirm.

## FACTS AND PROCEDURAL HISTORY

On February 4, 2015, Carl Hebert was a passenger in a 2014 Chevy Silverado truck owned and driven by his wife, Denise Hebert. Mrs. Hebert drove the truck onto the Plaquemine Ferry M/V New Roads, which had been docked on the East side of the Mississippi River. The Heberts maintained that after crossing the Mississippi River, the ferry struck the Plaquemine Ferry Terminal in Iberville Parish with great force, causing injury to Mr. Hebert's neck, back, and leg. They filed suit for damages against the State of Louisiana, through the Department of Transportation and Development (DOTD) and Captain Michael Orillion, who was operating the ferry at the time of the incident.

The defendants answered the suit, maintaining that the damages complained of were caused through the fault or neglect of the Heberts, or through the fault or neglect of a third party, that Captain Orillion operated the vessel in a reasonable manner, that they had governmental immunity pursuant to La. R.S. 9:2798.1, and alternatively, that the incident was caused by an Act of God. The defendants asked that the claims be dismissed.

The case proceeded to a jury trial. After the trial, the jury rendered a verdict that Captain Orillion had not been negligent in docking the ferry. On February 28, 2019, the trial court signed a judgment in accordance with the jury's verdict,

2

dismissing the Hebert's claims with prejudice. The Heberts have appealed that judgment.

The Heberts make the following assignments of error:

1) Because the ferry allided with the dock, the trial court erred by not applying the **Oregon** rule – that [Captain] Orillion, in exclusive control of the ferry, was presumed at fault.

2) By failing to properly apply the **Oregon** rule, the trial court further erred in failing to instruct the jury that the defendants were presumed to be at fault and must overcome that presumption.

3) Even if the **Oregon** Rule is inapplicable, the M/V New Roads Ferry Captain negligently docked the ferry and caused Mr. Hebert's injuries.

4) A *de novo* review requires this court to award Mr. Hebert $896,062.01 in stipulated medicals and a reasonable amount of general damages, as well as [an award for] loss of consortium . . . to Mrs. Hebert.

**ASSIGNMENTS OF ERROR NOS. 1 AND 2**

In these assignments of error, the Heberts maintain that the trial court erred by failing to apply the **Oregon** Rule, by failing to find that Captain Orillion was presumed to be at fault, and by failing to instruct the jury that the defendants were presumed to be at fault and must overcome that presumption.

The Oregon Rule stems from **The Oregon**, 158 U.S. 186, 15 S.Ct. 804, 39 L.Ed. 943 (1895). In that case, The Oregon was an iron steamship which ran into and sunk an iron sailing vessel, The Clan Mackenzie, which was anchored on the edge of the ship channel. **The Oregon**, 15 S.Ct. at 806-807. The **Oregon** Rule states that when a moving vessel collides with a fixed object, there is presumption that the moving vessel is at fault. **Abdon Callais Boat Rentals, Inc. v. Louisiana Power and Light Co.**, 555 So.2d 568, 572 (La. App. 1 Cir. 1989), writ denied, 558 So.2d 583 (La. 1990).

> The general rule presuming fault of the moving vessel does not apply to four circumstances. The first is that the stationary object must be visible: there is no presumption of negligence in allisions with sunken objects unless the claiming party can prove that the moving vessel had actual knowledge of the object's location. . . . . A

3

**second exception to the general rule is that the presumption of fault will not apply where contact between a vessel and a pier, dolphin or other stationary object occurred during "normal" mooring procedures, and the object should have been able to withstand the handling of the vessel during normal procedures, without damage.** In such a case, the owner of the object can recover damages if he or she can prove that negligence on the part of the vessel caused the damages. . . . . A third exception is where the object, such as is the case of a draw or swing bridge, has an obligation to keep the waterway open. . . . . A fourth exception is that no presumption of fault of the moving vessel will be applied where the stationary vessel or other object was also guilty of some statutory or other fault. (Emphasis added, citations omitted).

Charles M. Davis, Maritime Law Deskbook, §IV(I)(3), pp. 141-142 (2016).

In order to land the Plaquemine Ferry, it was necessary for Captain Orillion to bring the Plaquemine Ferry into contact with the dock. The landing was a normal docking procedure. After the landing, there was no damage to the dock and no damage to the ferry.

Thus, after review, we find no error by the trial court in not applying the **Oregon** Rule, not presuming that Captain Orillion was at fault, and not instructing the jury that defendants were presumed to be at fault and must overcome that presumption. This assignment of error has no merit.

## ASSIGNMENT OF ERROR NO. 3

In this assignment of error, the Heberts maintain that even if the **Oregon** Rule is inapplicable, Captain Orillion negligently docked the ferry and caused Mr. Hebert's injuries.

Plaintiffs' expert, James Patrick Jamison, admitted at trial that the river was high and that the river currents, eddies, and wind can all impact a landing. Mr. Hebert's cousin and neighbor, Ms. Grace Prejean, was also in a vehicle on the Plaquemine ferry that day. She testified the landing was "hard." Ms. Janet Myers, the Heberts' neighbor, was a passenger in Ms. Prejean's vehicle. Ms. Myers described the landing as a "bad jerk."

4

Captain Orillion testified that the landing on February 5, 2015, was a little harder than usual, but that hard landings happen quite often. He explained that the river was high that day, the currents were substantial, and the wind was a factor. The river has eddies, especially when it is high. Eddies are strong, unpredictable currents that can impact the operation of a ferry.

There was no damage to the vessel, no damage to the dock, and no damage to any of the 35 vehicles on the vessel. A DOTD employee, Karen Kelly, was standing at the front of the vessel unassisted as it landed and testified that she did not lose her balance as the ferry docked.

The jury heard extensive testimony and saw substantial medical records concerning the treatment of Mr. Hebert. The jury heard testimony concerning Mr. Hebert's August 2014 back surgery performed by Dr. Charles Bowie six months prior to the incident. Before that surgery Mr. Hebert's spine was compromised to the point that he was losing use of his left leg and could not walk. After that surgery, Mr. Hebert continued to take medication for back pain. Mr. Hebert had a second back surgery in August 2016, performed Dr. Kevin McCarthy, to address a hardware failure. More than a year later, Mr. Hebert had a third back surgery, which was also performed by Dr. McCarthy, in September 2017. According to Dr. McCarthy, one of Mr. Hebert's issues was "softer bones".

The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. **Stobart v. State through Dept. of Transp. and Development**, 617 So.2d 880, 882 (La. 1993). Where two permissible views of

the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong.  **Stobart**, 617 So.2d at 883.

The jury considered the testimony and evidence presented at trial and determined that Captain Orillion did not negligently dock the ferry and did not cause Mr. Hebert's injuries.  This was a permissible view of the evidence, and after review, we find no manifest error in the factfinder's determination.  This assignment of error has no merit.

## ASSIGNMENT OF ERROR NO. 4

In this assignment of error, the Heberts maintain that a *de novo* review requires this court to award Mr. Hebert $896,062.01 in stipulated medicals and a reasonable amount of general damages, as well as a loss of consortium award to Mrs. Hebert.

While the defendants stipulated to the medical expenses, they contested causation, maintaining that Mr. Hebert's injuries were not caused by or related to the ferry docking on February 4, 2015.  As we have found no manifest error in the jury determination that Captain Orillion did not negligently dock the ferry and did not cause Mr. Hebert's injuries, this assignment of error has no merit.

## DECREE

For the foregoing reasons, the February 28, 2019, trial court judgment, rendered in favor of defendants, the State of Louisiana, through the Department of Transportation and Development, and Captain Michael Orillion, and dismissing the claims of plaintiffs, Carl and Denise Hebert, with prejudice, is affirmed.  Costs of this appeal are assessed against the plaintiffs, Carl and Denise Hebert.

**AFFIRMED.**